**Edward H. GREENBERG, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

Civ. A. No. 91–40093.

United States District Court,
D. Massachusetts,
Worcester Division.

Oct. 22, 1993.

Edward Greenberg, pro se and Richard Abbott, Brookline, MA, for Edward Greenberg.

Gary Davis, Jr., Fitch, Wiley, Richlin & Tourse, Boston, MA, David M. McCarthy, F.D.I.C., Legal Div., Westborough, MA, and Dean Richlin, Lucash, Gesmer & Updegrove, Boston, MA, for F.D.I.C.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, Edward Greenberg ("Greenberg"), brought this action for judicial review of an action by the Federal Deposit Insurance Corporation ("the FDIC") pursuant to 12 U.S.C. § 1821(d)(6)(A). Greenberg seeks damages against defendant FDIC, as receiver for First Service Bank for Savings, alleging that the Bank lost certain certificates representing shares of Greenberg's Conifer Group, Inc. stock held by the Bank as collateral for Greenberg's two outstanding promissory notes totaling $21,385.03. Greenberg also alleges that the Bank was negligent in not selling shares of his stock in a timely fashion. The FDIC denies liability to Greenberg and counterclaims to recover the amount due on one of the promissory notes. Pending before the Court is defendant's Motion for Summary Judgment on all claims of both parties.

## BACKGROUND

As required in considering a motion for summary judgment, the Court reviews the facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Griggs–Ryan v. Smith*, 904 F.2d 112, 114–115 (1st Cir.1990).

On October 16, 1986 and March 17, 1987, Greenberg executed two promissory notes in favor of the Bank of New England–West, N.A., in the respective amounts of $18,000 and $3,438.90. Greenberg secured payment of both notes through a Pledge Agreement, dated October 16, 1986, pledging 498 shares of stock of Conifer Group, Inc. ("Conifer"). On April 13, 1987, Bank of New England–West, N.A., assigned the two notes to the First Service Bank for Savings ("the Bank").

By letter dated August 29, 1988, the Bank notified Greenberg that the two notes were in default and demanded payment in full thereon. By letter dated September 1, 1988, Greenberg instructed the Bank to convert and sell the Conifer stock it held as collateral and to apply the proceeds towards the outstanding balance due on the two promissory notes.

The Bank was unsuccessful in securing Greenberg's signature on the transmittal letter. The Bank sold Greenberg's stock in late February or early March, 1989, for $13,-

934.20 which it applied to pay off one of the notes entirely and to reduce the balance due on the other to $8,072.37.[1]

On March 31, 1989, the Bank was declared insolvent and the FDIC was appointed Receiver. On May 10, 1989, Greenberg submitted a Proof of Claim to the FDIC, alleging that the Bank lost Greenberg's stock certificates, and requesting punitive and compensatory damages in the amount of $100,000. On April 18, 1991, the FDIC denied Greenberg's claim against the Bank and refused at that time to review the decision in an administrative hearing.

## DISCUSSION

### A. *Summary Judgment*

■ Summary judgment shall issue where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court "must view the entire record in the light most hospitable" to the non-moving party, plaintiff Greenberg, "indulging all reasonable inferences in [his] favor." *Griggs–Ryan,* 904 F.2d at 115.

■ The burden with respect to a motion for summary judgment is on the moving party to show " 'that there is an absence of evidence to support the non-moving party's case.' " *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the movant satisfies that burden, the burden shifts to the non-moving party to establish the existence of a genuine material issue. *Id.* The nonmovant, however, may not rest

upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56.

### B. *Plaintiff's Claims*

Greenberg claims that (1) the Bank lost certain of his stock certificates, and (2) the Bank did not sell his shares in a timely fashion.

### 1. Lost Stock

■ The evidence presented indicates that when Greenberg pledged 498 shares of Conifer stock to the Bank on October 16, 1986, four of the five certificates, collectively representing 164 shares of Conifer stock, were non-negotiable.[2] It is undisputed that, on April 5, 1984, those four certificates were reported lost by Greenberg and were replaced by Conifer Certificate FBU284. See Vickie Affidavit, p. 3, Exh. A. Certificate FBU284 was never pledged to the Bank. Greenberg has submitted no evidence to refute those facts. The Court finds that the only negotiable certificate held by the Bank was Certificate FBU2900, representing 334 shares of Conifer stock.

Greenberg supports his contention that the Bank lost his stock certificates by noting that in a July 10, 1989 letter to Greenberg from John Graubard, the regional attorney for the FDIC, Graubard acknowledged that Greenberg's stock was missing.[3] Even taking Graubard's statement in the light most favorable to Greenberg—that Graubard was acknowledging that the stock was missing—it is unavailing because that letter, dated July 10, 1989, was written well after the Bank sold Greenberg's stock in late February or early March, 1989. Greenberg presents no other evidence that the Bank lost his stock. Moreover, as noted above, Greenberg pledged

---

**1.** The FDIC maintains that "[a]s of July 31, 1992, the outstanding principal and interest balance on [the remaining note] is $10,906.28, with a per diem of $1.55." (Defs.' Mem.Supp.Sum.Jud. Mot. at 7.)

**2.** The pledged stock bore the following certificate numbers: C16141, representing 18 shares; C10046, representing 15 shares; C19939, representing 101 shares; C23124, representing 30 shares; and FBU2900, representing 334 shares.

**3.** The entire paragraph of the letter reads:

> At present, I am attempting to verify the status of your accounts. If the missing stock certificates were obtained and replaced, would you wish for them to be liquidated, and applied against the outstanding balance of your loans? (Ptfs.' Obj. to Defs.' Sum.Jud.Mot., Exh. A.) Read in context, the reference to "missing stock certificates" appears to be an initial response to an inquiry rather than an admission of loss. For the reasons stated herein, however, the Court does not rely on that interpretation in its decision.

only 334 shares to the Bank, not 498 shares. The Court therefore finds no support for Greenberg's contention that the Bank lost his stock, and, with respect to that issue, the defendant's Motion for Summary Judgement will be allowed.

2. Untimely Sale

There is no dispute that Greenberg defaulted on his promissory notes to the Bank and that he subsequently requested that the Bank sell his Conifer stock to pay the amount due on the loan. Greenberg contends, however, that the Bank did not act in a timely fashion in selling his shares of Conifer stock. His letter to the Bank dated September 1, 1988 requesting the sale of his stock to pay his debt notes that "[t]ime is of the essence." Ryan Affidavit, Exh. F. Greenberg claims that, because the shares were not sold until late February or early March, 1989, he was injured by the decrease in the value of his stock that occurred during that delay.

On September 12, 1988, soon after receiving Greenberg's letter, the Bank requested that Greenberg sign a transmittal form to effectuate the transfer of his Conifer stock into Bank of New England stock.[4] That stock was then to be redeemed and the proceeds were to be applied against the two promissory notes. Ryan Affidavit, Exh. G. Greenberg does not dispute that he received such a request in writing, nor does he attempt to explain his failure to respond to it. By letter dated November 21, 1988, the Bank requested that the Connecticut Bank and Trust Company (the Exchange Agent) reissue the remaining 334 shares of Conifer stock in the Bank's name. Ryan Affidavit, Exh. H. The Bank exchanged those shares for BNE stock and sold them in late February or early March, 1989.

The FDIC has satisfied its burden of showing "an absence of evidence to support [Greenberg's] case." *Municipality of Ponce*, 904 F.2d at 742. The burden thus shifts to Greenberg to establish the existence of a material issue. *Id.* He has failed to do so. Greenberg alleges that the Bank's failure to sell his stock in a timely fashion was due to

its negligence in losing his stock. As noted above, however, Greenberg's claim that the bank lost his stock is unsupported.

■ Furthermore, the mere passage of time between Greenberg's letter of September 1, 1988, and the ultimate sale of the stock in late February or early March, 1989, is insufficient by itself to create a presumption of negligence when it is undisputed that the Bank requested Greenberg's signature shortly after receiving his letter and, in the absence of response to that request, took other reasonable measures to effectuate the sale. Therefore, with regard to plaintiff's claim that defendant negligently failed to sell his stock in a timely fashion, defendant's Motion for Summary Judgment will be allowed.

C. *Defendant's Counterclaim*

Defendant FDIC has also moved for summary judgment on its counterclaim to recover the balance due on the outstanding promissory note executed by Greenberg. The undisputed material facts establish that Greenberg executed the promissory note and is now in default. Absent a specific denial by Greenberg, his signature on the promissory note is admitted. M.G.L.A. c. 106, § 3–307(2). Greenberg has not sustained his burden of establishing any affirmative defenses to collection. The defendant's Motion for Summary Judgment to recover the current balance due on the outstanding promissory note therefore will be allowed.

## ORDER

For the foregoing reasons, the Court enters the following ORDER as to defendant's Motion for Summary Judgment:

1. with respect to the alleged liability of defendant for lost stock, the Motion is ALLOWED.

2. with respect to the alleged liability of defendant for negligently failing to sell stock in a timely fashion, the Motion is ALLOWED.

3. with respect to defendant's counterclaim to recover the outstanding balance

---

4. On April 22, 1987, Conifer had been merged into Bank of New England.

due on the promissory note, the Motion is ALLOWED.